## ESTATE OF ANNA J. SKERRETT, DECEASED.

[No. 5695; decided December 11, 1888.]

Equitable Conversion—Conflict of Laws.—Where a person residing in England bequeathes real estate situated in California to the Catholic Archbishop of London, "to be distributed by him at his discretion among such poor people as he may select," the intention of the testator is that the real property should be treated as personalty and its proceeds distributed by the archbishop.

Foreign Wills—Distribution of Estate.—Code of Civil Procedure, sections 1322 and 1667, are, upon an application under the latter section, to be read together, and when so read, the reference in section 1667 to another "state" includes a foreign country.

Distribution—Delivery to Foreign Administrator.—Upon an application, under section 1667, Code of Civil Procedure, for an order for delivery to a foreign administrator with the will annexed of an estate in this state which is treated as personalty, the validity of the will is to be determined by the courts of the domicile of the testatrix, and according to the laws of such domicile, and not by the courts or according to the laws of this state.

Anna J. Skerrett died in London, England, and at the time of her death was a resident thereof. She left a will executed in London. By this will she devised and bequeathed all her estate "to the Very Reverend, the Roman Catholic Archbishop of Westminster, for the time being, to be distributed by him at his discretion among such poor people as he may select," subject to two legacies of 100£ each, and an annuity of 18£ and 4s. to a servant of the testatrix.

No executor was named in the will, and letters of administration, with the will annexed, were granted, in England, "to the Most Reverend Henry Edward, Cardinal Manning, Archbishop of the Roman Catholic Diocese of Westminster, and as such the residuary legatee in trust."

The testatrix left a parcel of real property in San Francisco, and James C. Pennie, the public administrator therein, was appointed administrator with the will annexed of the estate in California. The real property belonging to the estate was sold in course of administration. After the time for the presentation of claims had expired, the local administrator filed his final account, together with a petition showing that the estate here was in a condition to be closed, but that it was indebted in foreign countries to various persons whose claims had been presented to the foreign administrator and had not been paid for want of funds.

Petitioner prayed that he be directed to deliver the estate to the foreign administrator pursuant to section 1667 of the Code of Civil Procedure.

The estate remaining at the time of this application consisted of the balance of the rents received from the real property belonging to the estate and of the proceeds of the sale thereof.

The heirs of the testatrix contested the petition of the administrator and prayed for distribution to themselves.

Counsel for the foreign administrator contended that it was the purpose of the testatrix that the realty should be converted into personal property, and that the estate in California should be treated as personalty, and that, under section 946 of the Civil Code, "if there is no law to the contrary in the place where personal property is situated, it is deemed to follow the person of its owner, and is governed by the law of his domicile."

Counsel for the heirs contended that section 1313 of the Civil Code is a law "to the contrary," and that, under that section, not more than one-third of the estate could be bequeathed in trust for charitable uses; that the estate could not be considered as personalty, there having been no express direction in the will to convert the real property into money, in which case only the proceeds would, under section 1338 of the Civil Code, be deemed personal property from the time of the death of the testatrix, and that, under section 1376 of the Civil Code, the validity and interpretation of the will (although such will was executed out of this state) are governed by the law of this state as to property, both real and personal, within the state.

The opinion which follows was delivered orally, upon the conclusion of the argument, and was subsequently confirmed by the court.

Joseph Naphtaly, for James C. Pennie, administrator.

A. H. Loughborough, for Cardinal Manning, the foreign administrator.

John F. Burris and Joseph Hutchinson, appearing separately for various heirs.

, John M. Burnett, for absent heirs.

COFFEY, J. I am inclined to think that this matter really hinges on the question whether this property shall be treated as real property. I do not think that one part of Mr. Burnett's argument is sound; it is specious, but unsound. The intention of the testator—gathered from the terms of the instrument, the will—is to distribute the proceeds. What was meant to leave to the discretion of the Cardinal is the distribution of the money, because it could not reasonably be

imputed to her that she meant that he was to distribute the real estate; and, if there is anything to be gathered from that instrument, it is that in his discretion he was to distribute the proceeds among the poor—that is what I should say would be a reasonable construction of the language of the will, taking it according to the rules of construction laid down in the statutes, the surroundings and so on, and I have only to repeat now, what I said the other day, so far as construing this will is concerned, it is a question whether it is for this court to make the construction, or the court of principal jurisdiction. The court of principal jurisdiction would deal with the rights of the creditors and other parties within the jurisdiction of that court, rather than according to the laws of this state. When the section 1667 speaks of another state, it refers—by reference to section 1322—to any foreign state, because the language of 1322 is "any foreign country or state," and then 1667—it says, any other "state." It does not say any other foreign state—it is not necessary, because, as we all know, every other state is foreign to the state of California, no matter whether any of the other states would be one of the United States, or any English state, or any other country across the water. If this is to be tried according to the doctrine of equitable conversion, then it comes within the purview of the decision in the Estate of Apple, 66 Cal. 432, 6 Pac. 7, which remits the whole question to the domiciliary jurisdiction—in this instance being England, as in that instance it was Nevada; and as to this jurisdiction, both of them are equally foreign states. Now, Mr. Burris' argument has made sufficient impression upon my mind to cause me to examine this question further, and to see if this court is competent to try the provisions of this will with reference to the validity of the bequest or the invalidity of the bequest as argued in this case. I will take the matter under advisement, and look into it a little further, and as soon as possible render a decision. My present impression is—if I adhere to that—I will say that the assets should be remitted to the other jurisdiction.

After the court had further considered the matter, the original impression was confirmed and the petition was granted.

Equitable Conversion is that change in property by which, for certain purposes, real estate is considered as personal, and personal as real. Whether such a result is worked by a will depends upon the intention of the testator. If it is apparent from the express terms of the instrument, or by necessary implication, that he intended his real estate to be sold and the proceeds given his beneficiaries, an equitable conversion results, although perhaps the direction to sell is not imperative, as where the word "desire," instead of "direct," is addressed to the executors: Estate of Pforr, 144 Cal. 121, 77 Pac. 825; Penfield v. Tower, 1 N. D. 216, 46 N. W. 413; Haward v. Peavey, 128 Ill. 430, 15 Am. St. Rep. 120, 21 N. E. 503.

When a testator creates a trust of all his property, real and personal, some of the realty being in different states, with a direction to his executor to sell it all and invest the proceeds in land in a specified city, the property mentioned in the will is considered, in equity, as real property situated in the city designated: Estate of Dunphy, 147 Cal. 95, 81 Pac. 315. And if a will works a conversion of real property into personalty, a trust in respect thereto is a trust of personal property, the validity of which is determinable, not by the law of the situs of the realty, but by the law of the place where the testator was domiciled at the time of his death: Penfield v. Tower, 1 N. D. 216, 46 N. W. 413.